Peok, J.,
delivered the opinion of the court:
John P. Barger, by his petition, claims the pay of a first lieutenant for services rendered by him as such, from the 23d day of August, A. D. 1862, until the 1st day of December, A,. D. 1863.
The claimant, on the 23d day of April, 1862, was appointed and mustered into service as first lieutenant of company C, of the sixth regiment of Tennessee volunteers, commanded by Colonel John A. Cooper. Claimant continued in the service of the United States, holding his commission as first lieutenant in said company and regiment from the date of his appointment until the 1st day of December, A. D. 1863, the regiment all that time being under the command of Colonel Cooper.
By- reason of impaired health, the claimant, on the 23d day *38 of August, A. D. 1862, tendered bis resignation as first lieutenant, tbe acceptance of which was not made known to him until tbe 1st clay of December, A. D. 1863.
About tbe time tbe claimant tendered bis resignation be was ordered by bis colonel to special duty, viz, that of recruiting, because be was unable, from bis impaired bealtb, to do duty with bis company in active operations in tbe field. About tbe same time tbe second lieutenant of tbe company was promoted to tbe rank of first lieutenant; altbougb tbe .claimant still held that rank, bis resignation not having been accepted, and was performing duty, under tbe orders of bis colonel, as such first lieutenant of tbe company.
Tbe resignation of tbe claimant was not accepted until tbe 11th of March, 1863, which acceptance was afterward forwarded to Colonel Cooper, commanding tbe regiment, but was not made known to tbe claimant until tbe 1st of December following. Tbe claimant was separated from bis regiment, on recruiting service within rebel lines, and probably was where communication with bis regiment was both difficult and dangerous. It appears from tbe evidence that tbe claimant was rendering valuable service as a recruiting officer, and that bis colonel was anxious that be should continue in that service, and it may be that be did not give notice to claimant of tbe acceptance of bis resignation so soon as be should or could. Whosoever else may have been to blame for not giving this information to claimant, it is quite clear that be was without fault in tbe premises.
Tbe claimant, under orders from his colonel, which he could not refuse to obey, was continued in tbe performance of a perilous duty, that of recruiting for bis regiment within tbe rebel lines of Tennessee; and it is notreasonable to suppose, after be bad offered to resign because of ill health, that he so ardently-desired to continue in tbe service, incurring tbe risk attendant upon this duty, as to avoid the knowledge of the acceptance of bis resignation, which, when known, would at once relieve him from a service dangerous to bis bealtb. Moreover, it is shown that the claimant made inquiry after the acceptance of bis resignation, but without success.
The claimant bad no alternative but to do tbe duty to which he was commanded by bis colonel. He could not compel an acceptance of his resignation, and until be was informed that *39 it bad been accepted be was as much a soldier as ever, and liable to punishment as a deserter bad be abandoned bis duty.
Tbe Revised Army Regulations of 1803, article V, speaking* of resignations of officers, says: “No officer will be considered out of service on tbe tender of bis resignation until it shall have been duly accepted by tbe proper authority. Any officer who, having tendered bis resignation, shall, prior to clue notice of tbe acceptance of tbe same by tbe proper authority, and without leave quit bis post or proper duties with the intent to remain permanently absent therefrom, shall be registered as a deserter and punished as such.” (See also 12 Stat. L., p. 31G, where the same penalty is declared.)
If the colonel commanding the regiment in which claimant was serving chose to take the responsibility of withholding* from him the knowledge of the acceptance of his resignation, the colonel, and not the claimant, was in fault.
If there was a supernumerary first lieutenant in company 0, it arose from the error of those who attempted to fill the place held by the claimant before it was vacant.
As we have already stated,- the claimant, all tbe time he was in-service, though not present with his company, held his commission as first lieutenant in it; and if it is not permitted to have more than one first lieutenant to a company, this claimant was, both by appointment and continuance in service, that one.
It appears there was an acceptance of the resignation of. a person bearing the same name and office as the claimant, but in a different regiment, which may have been intended for this claimant, dated the 13th August, 186-2, of which the claimant does not ai>pear to have had notice, and which was returned to headquarters by Colonel Cooper for correction.
There is much in this record offered as evidence which probably would have been excluded from the record as such, if objection had been taken to it, but as both parties seem to acquiesce in the use of it by the court, we have not thought proper to reject it.
The claimant was paid up to the day he tendered his resig'-nation, and for his services since then, payment is refused. We think he should be paid as first lieutenant of company C, sixth regiment of Tennessee volunteers, until he had been notified of the acceptance of his resignation.
Therefore, we give him a judgment for the sum of $1,661 79.